NURNBERGER METALL UND LACKIERWARENFABRIK VORMALS GEBRUDER BING, AKTIENGESELLSCHAFT, v. NEW TOY MFG. CO.

(Circuit Court of Appeals, Second Circuit. December 9, 1912.)

No. 162.

PATENTS (§ 328*)—INVENTION—WALKING TOY FIGURES.
    The Müller patent, No. 1,035,098, for mechanism for producing a walking motion in toy figures, *held* void for lack of invention on a motion for preliminary injunction.

Appeal from the District Court of the United States for the Southern District of New York; E. Henry Lacombe, Judge.

Suit in equity by the Nurnberger Metall und Lackierwarenfabrik Vormals Gebruder Bing, Aktiengesellschaft, against the New Toy Manufacturing Company. From an order denying a motion for a preliminary injunction restraining the defendant from infringing the claim of letters patent No. 1,035,098, granted to Heinrich Müller, of Nuremberg, Germany, for an improvement in means for producing a walking movement in toy figures, complainant appeals. Affirmed.

Marcellus Bailey, of Washington, D. C., and Kerr, Page, Cooper & Hayward, of New York City, for appellant.

E. W. Scherr, Jr., and Baird, Cox and Scherr, all of New York City, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The patent contains a single claim which is as follows:

"In a mechanism for producing a walking motion in toy figures, the combination of a body member, hollow legs pivoted thereto, a fixed support within each of the hollow legs, a wheel freely mounted on the lower end of each support, and a crank connection between the wheel and leg members whereby upon the rotation of the wheels the legs are given a reciprocating motion."

The object of the patentee was to produce in toy figures, especially animals, which are pushed or drawn forward, a walking or running movement, the legs moving alternately and successively backward and forward. The drawings show the mechanism applied to the legs of a dog, but it is applicable to any toy figure, and such a figure, if found,

in the prior art, will, of course, anticipate if the movement of the legs is produced by the same or equivalent means. Four German patents appear in the record without translations.

· Ordinarily this circumstance would justify the court in refusing to consider them, at least until satisfactory translations are furnished. In the present case, however, the construction of the toys in question is made sufficiently plain by an examination of the drawings to enable the court to understand the simple mechanism employed. The prior art shows that, by the application of mechanical means, toys representing human beings and animals were made to walk, or that appearance was imparted to them automatically. The Huber patent shows a crank connection between a wheel and the pivoted legs of the toy causing them to move alternately and giving to the figure the appearance of walking. Taking the Huber device in connection with the toys of the other prior patents, we are convinced that it required only mechanical skill to produce the walking dog of the Müller patent. It was necessary to make four legs walk instead of two and it was also necessary to conceal the crank wheel and connections within the legs, but any skilled mechanic would have wit enough to do this.

A walking dog was, quite likely, a pleasing innovation in the toy trade, but mere novelty requiring no exercise of the inventive faculties is not patentable.

We think there is too much doubt upon the question of estoppel to warrant a ruling at this stage of the litigation that the defendant was in such privity with Whitehouse, who was in interference with Müller in the Patent Office, as to prevent it from asserting the invalidity of the patent. It should be an exceedingly clear case of estoppel to justify the court in sustaining a patent which the prior art shows to be invalid.

The order is affirmed.